KENNEDY, Justice.
On March 21,1988, appellant, Fred Cupp, filed a “Motion for Order Voiding Judgment and Re-Opening Action” (essentially a Rule 60(b), A.R.Civ.P., motion) in Cull-man Circuit Court in case number CV-87-5075, styled “Lucille Phelps v. Patricia G. Cupp.” Mrs. Phelps is appellant’s mother-in-law; Mrs. Cupp is appellant’s wife. The Cupps' divorce action (DR-87-435), filed on September 2, 1987, was pending when the Rule 60(b) motion was filed. The trial court denied the motion; Mr. Cupp appealed.
In CV-87-5075, filed on December 30, 1987, Mrs. Phelps sued her daughter, Mrs. Cupp, pursuant to Code 1975, § 8-9-12, to set aside the deed dated May 7, 1980, from Mrs. Phelps to Mrs. Cupp conveying title to Mrs. Phelps’s home' to her daughter. Appellant was not named as a grantee in the deed, but he had resided in the home since 1970 and had made valuable improvements to the property. Appellant was not named as a party in CV-87-5075. On January 15, 1988, the trial court entered a judgment voiding the deed (based on the pleadings and plaintiff's motion for judgment supported by affidavit of plaintiff) and vested title in Mrs. Phelps. Appellant claims that he had no notice of this action until March 17, 1988. On March 21, 1988, appellant filed the “Motion for Order Voiding Judgment and Re-Opening Action,” along with a motion to consolidate with DR-87-435 and a motion to intervene or to be named as a party defendant, which the trial court denied. Mr. Cupp also filed a new action, CV-88-82, in Cullman Circuit Court, wherein he claims an equitable interest in the property and alleges fraud in the “secret” transfer of title to his mother-in-law.
“Ordinarily, one who is not a party to a cause cannot appeal.” Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Construction Co., 466 So.2d 83 (Ala.1985). In the civil action filed by Mrs. Phelps (CV-87-5075), Mr. Cupp was not named as a party. Therefore, Mr. Cupp may not appeal from the judgment of the circuit court in this case. Mr. Cupp has filed a separate action in the circuit court (CV-88-82) in which he claims an equitable interest in the property. His remedy is to pursue his claim in the circuit court and then, if necessary, to take an appeal from the judgment of the circuit court in CV-88-82.
APPEAL DISMISSED.
HORNSBY, C.J., and JONES, ADAMS and HOUSTON, JJ., concur.