HOUSTON, Justice.
On March 21, 1988, the plaintiff, Fred Cupp filed a “Motion for Order Voiding Judgment and Re-opening Action” (essentially a Rule 60(b), A.R.Civ.P., motion) in the Cullman Circuit Court in case number CV-87-5075, styled “Lucille Phelps v. Patricia G. Cupp." Lucille Phelps is the plaintiff’s former mother-in-law; Patricia Cupp is his former wife. The Cupps’ di *1204 vorce action (DR-87-435), filed on September 2, 1987, was pending when the Rule 60(b) motion was filed. The trial court denied the motion, and Cupp appealed. This Court dismissed that appeal, explaining as follows:
“In CV-87-5075, filed on December 30, 1987, Mrs. Phelps sued her daughter, Mrs. Cupp, pursuant to Code 1975, § 8-9-12, to set aside the deed dated May 7, 1980, from Mrs. Phelps to Mrs. Cupp conveying title to Mrs. Phelps’s home to her daughter. Appellant was not named as a grantee in the deed, but he had resided in the home since 1970 and had made valuable improvements to the property. Appellant was not named as a party in CV-87-5075. On January 15, 1988, the trial court entered a judgment voiding the deed (based on the pleadings and plaintiffs motion for judgment supported by affidavit of plaintiff) and vested title in Mrs. Phelps. Appellant claims that he had no notice of this action until March 17, 1988. On March 21, 1988, appellant filed the ‘Motion for Order Voiding Judgment and Re-Opening Action,’ along with a motion to consolidate with DR-87-435 and a motion to intervene or to be named as a party defendant, which the trial court denied. Mr. Cupp also filed a new action, CV-88-82, Cullman Circuit Court, wherein he claims an equitable interest in the property and alleges fraud in the ‘secret’ transfer of title to his mother-in-law.
“ ‘Ordinarily, one who is not a party to a cause cannot appeal.’ Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Construction Co., 466 So.2d 83 (Ala.1985). In the civil action filed by Mrs. Phelps (CV-87-5075), Mr. Cupp was not named as a party. Therefore, Mr. Cupp may not appeal from the judgment of the circuit court in this case. Mr. Cupp has filed a separate action in the circuit court (CV-88-82) in which he claims an equitable interest in the property. His remedy is to pursue his claim in the circuit court and then, if necessary, to take an appeal from the judgment of the circuit court in CV-88-82.”
Cupp v. Phelps, 543 So.2d 692 (Ala.1989). Fred Cupp now appeals from the judgment entered in CV-88-82 rejecting his claim to an equitable interest in the subject property.
Fred Cupp contends that the judgment entered in CV-87-5075, setting aside the conveyance of the property from his former mother-in-law to his former wife, was a nullity, and that the trial court in the present case (CV-88-82), misconstruing our holding in Cupp v. Phelps, supra, as an affirmance of the judgment entered in CV-87-5075, refused to reach the merits of his claim. The defendants in the present suit, Lucille Phelps and Patricia Cupp, contend, however, that Fred Cupp’s contention is not borne out by the record. They argue, instead, that the trial court rejected Fred Cupp’s claim only after a thorough hearing on the merits.
We have carefully reviewed the record in this case. It shows that the trial court went out of its way to allow Cupp to present his claim. After considering the evidence, and after conducting a view of the premises, the trial court found that Cupp was not entitled to the equitable interest that he claimed to have acquired in the property by virtue of the improvements that he had made thereon during his marriage to Patricia Cupp. That finding has not been challenged on this appeal. Therefore, because the record shows that Cupp has had a full hearing on the merits of his claim, we find it unnecessary to address his arguments pertaining to the validity of the judgment entered in CV-87-5075.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY and INGRAM, JJ., concur.